Akintunde CRAWFORD, Appellant

v.

Troy LEVI, Warden.

No. 08–3377.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Dec. 18, 2008.

Opinion Filed: March 04, 2009.

Akintunde Crawford, Philadelphia, PA, pro se.

Anthony G. Kyriakakis, Esq., Office of United States Attorney, Philadelphia, PA, for Appellee.

Before: McKEE, FISHER and CHAGARES, Circuit Judges.

## OPINION

PER CURIAM.

Following a jury trial in the District Court, Appellant Akintunde Crawford and several codefendants were convicted of various crimes related to bank fraud and identity theft. Before he was sentenced, Crawford filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, which he amended on January 7, 2008. Appellee then moved to dismiss the amended habeas petition. By order dated July 25, 2008, the District Court granted Appellee's motion and dismissed Crawford's amended § 2241 petition.[1] Crawford timely appealed from that order. For the reasons that follow, we will affirm.

The District Court correctly found that Crawford could not challenge his conviction via § 2241. This is because the presumptive means by which a federal prisoner can challenge the validity of his conviction or sentence is by motion pursuant to 28 U.S.C. § 2255, unless such a motion would be "inadequate or ineffective." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir.2002). Nothing in the record suggests that Crawford's case fits within the narrow class of circumstances where a § 2255 motion would in fact be inadequate or ineffective to challenge his conviction.[2] There being no substantial question presented by Crawford's appeal from the dismissal of his amended § 2241 habeas petition, we will summarily affirm the District Court's order dismissing the case for lack of jurisdiction. *See* LAR 27.4; I.O.P. 10.6.

---

1. Although the District Court did not so specify, we necessarily view its dismissal as jurisdictional in nature and not a determination on the merits.

2. As the Government noted below, the appropriate course for Crawford is to file a direct appeal, which he has now done. That appeal is pending, and upon its resolution Crawford can then pursue his remedies under 28 U.S.C. § 2255.